**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MYRON CRISDON,<br><br>  Plaintiff,<br><br>v.<br><br>HUDSON VALLEY PROPERTY GROUP, LLC,<br><br>  Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>No. 25-18767 (KMW-SAK)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Myron Crisdon's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (Dkt. No. 1-2) pursuant to 28 U.S.C. § 1915(a)(1) and Motion for Temporary Restraining Order (Dkt. No. 2); and

**THE COURT NOTING** that Plaintiff has submitted an incomplete IFP Application that omits pages three (3) and five (5) of the appropriate form for non-prisoner litigants to apply for in forma pauperis, AO-239, which requires information related to Plaintiff's expenses, assets, accounts receivable, and dependents. (*See* Dkt. No. 1-2); and

**WHEREAS,** the Third Circuit has held that an application to proceed without paying filing fees is "based on a showing of indigence," *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006) (citation omitted); and

**WHEREAS,** the Court observes that pursuant to 28 U.S.C.A. § 1915(e)(2)(A), "the court *shall* dismiss the case at any time if the court determines that—(A) the allegation of poverty is

untrue," *id.*[1] (emphasis added); *see also Kachur v. WMC Mortg. Corp.*, No. 18-15111, 2018 WL 5634007, at *1 (D.N.J. Oct. 31, 2018) (dismissing the complaint *sua sponte* upon denial of in forma pauperis application where the court found that, "[c]onsidering Plaintiffs' monthly income, savings, and expenses, Plaintiffs ha[d] not established that they [could not] pay the costs of litigation."); and

**WHEREAS**, the Court notes that although a "person need not be absolutely destitute to proceed in forma pauperis," Plaintiff must nonetheless "establish that [she] is unable to pay the costs of [her] suit," *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016); and

**WHEREAS**, here, Plaintiff has not convinced the Court that he is unable to pay the costs and fees of litigation; therefore,

IT IS this ___ day of **December, 2025 ORDERED** that:

(1) Plaintiff's IFP Application (Dkt. No. 1-2) is **DENIED** without prejudice.

(2) Plaintiff may submit the required $405.00 filing fee or file a renewed Application to Proceed without Prepaying Fees or Costs by January 21, 2026.

(3) The Clerk of the Court shall close this matter and serve a copy of this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[1] "Should Plaintiff[] demonstrate [his] entitlement to proceed IFP or pay the filing fee, the Court would then evaluate the merits of Plaintiff's application for a TRO." *Kachur*, 2018 WL 5634007, at *1 n.1.