**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| MYRON N. CRISDON,<br><br>*Plaintiff*,<br><br>v.<br><br>HUDSON VALLEY PROPERTY GROUP, LLC, *et al.*,<br><br>*Defendants*. | HONORABLE KAREN M. WILLIAMS<br><br>No. 25-18767 (KMW-SAK)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Myron N. Crisdon's ("Plaintiff") Renewed Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (Dkt. No. 5) pursuant to 28 U.S.C. § 1915(a)(1); Plaintiff's Motion for a Temporary Restraining Order ("TRO") (Dkt. No. 2); Plaintiff's Motion for Recusal (Dkt. No. 6); and Plaintiff's Motion to Expedite Consideration of his TRO (Dkt. No. 7); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that he does not have a monthly income and has approximately $500 in monthly expenses. (IFP Application ¶ 1, 8.) Plaintiff does not have other liquid assets, nor does he list a spouse to contribute income or share in expenses (*id.* ¶¶ 1-8); and

**THE COURT FINDING** that because Plaintiff declares that he has no income, the Court **GRANTS** the Renewed IFP Application (Dkt. No. 5).

The Court is now required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint is **DISMISSED without prejudice**; and his Motions for TRO and Recusal are **DENIED**.

**WHEREAS,** Plaintiff commenced this action against Hudson Valley Property Group, LLC ("HVPG"), on December 17, 2025, alleging violations of 42 U.S.C. § 1983 arising from Housing and Urban Development ("HUD") regulations; liability pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978); and violations of the New Jersey Civil Rights Act ("NJCRA") and New Jersey Law Againast Discrimination ("NJLAD"). (Compl., Dkt. No. 1.) Plaintiff's Complaint alleges that HVPG is the owner of his former apartment building, Northgate I Apartments, a government-subsidized apartment building from which he was excluded and banned. (*See* Compl. ¶¶ 6, 8, 11.) Plaintiff's Complaint was accompanied by a Motion for a TRO, which sought to restrain HVPG from "enforcing any ban or exclusion against" him and restore his access to the apartments. (TRO at 1, Dkt. No. 2) Plaintiff's Complaint was also accompanied by an incomplete IFP Application (Dkt. No. 1-2) that failed to establish his indigency. As a result, the Court required Plaintiff to pay the filing fee or file a renewed IFP application (Dkt. No. 4), which Plaintiff thereafter filed (Dkt. No 5); and

**WHEREAS,** during the pendency of Plaintiff's Renewed IFP Application, Plaintiff filed a motion seeking recusal of the undersigned pursuant to 28 U.S.C. § 455(a), asserting that an objective observer would reasonably question this Court's impartiality. (Motion for Recusal at 1-2, Dkt. No. 6.) Specifically, Plaintiff argues that because the undersigned spent a substantial portion

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

of her legal career representing corporate, institutional, and management-side defendants, which is the same category that Plaintiff argues HVPG falls into, the undersigned's "former advocacy role is sufficiently aligned with a present party such that a reasonable observer could question impartiality." (*Id.* ¶¶ 1-3.) Plaintiff expressly states that he does not allege any actual bias, misconduct, or impropriety, but merely that the substantial similarity between the undersigned's former professional role and HVPG's status creates an appearance of potential partiality under 455(a)." (*Id.* ¶ 4.); and

**WHEREAS,** Plaintiff's argument does not satisfy the standards governing recusal under either § 144 or § 455. Section 455(a) requires a federal judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The inquiry is an objective one: whether "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 296 (3d Cir. 2004). Likewise, under § 144, a party seeking recusal must file a "timely and sufficient affidavit" demonstrating that the judge harbors a personal bias or prejudice against the moving party. 28 U.S.C. § 144. An affidavit is legally insufficient where it alleges facts that are conclusory, immaterial, or that show bias is judicial, rather than personal, in nature. *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973); and

**WHEREAS,** neither statute requires recusal here. Plaintiff's affidavit identifies no case-specific facts suggesting that the undersigned's impartiality might reasonably be questioned. Plaintiff does not allege that the undersigned previously represented HVPG, any affiliated entity, any witness, or any other participant in this litigation. Nor does Plaintiff allege that the undersigned acquired any personal knowledge concerning the facts underlying this dispute through her prior legal practice. Instead, Plaintiff relies exclusively on the undersigned's former representation of

categories of clients—including employers, municipalities, and property-related entities—before her judicial appointment; and

**WHEREAS,** that is insufficient as a matter of law. As the Supreme Court has explained, judicial rulings and ordinary professional experience do not ordinarily provide a basis for recusal absent a showing of a disqualifying personal bias arising from an extrajudicial source. *Liteky v. United States*, 510 U.S. 540, 554–55 (1994). Federal judges routinely come to the bench after careers representing corporations, governmental entities, criminal defendants, plaintiffs, insurers, or other recurring classes of litigants. Prior legal experience representing particular types of clients, standing alone, does not require recusal whenever similar parties later appear before the court. *See Laird v. Tatum*, 409 U.S. 824, 835 (1972); and

**WHEREAS,** federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject-matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). If a federal district court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). To establish jurisdiction, a pleading must either present a federal claim or trigger the court's diversity jurisdiction. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 (3d Cir. Feb. 16, 2024). To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *Id.* at *1 n.2. To assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a citizen of a different state than each plaintiff), with the amount in controversy being over $75,000.00. *Id.* at *1; and

**WHEREAS,** even liberally construing Plaintiff's Complaint, Plaintiff fails to state a plausible federal claim upon which relief may be granted. Section 1983 provides a cause of action only against a person who, acting "under color of state law," deprives another of rights secured by the Constitution or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted); and

**WHEREAS,** here, Plaintiff sues a private limited liability company that owns and manages an apartment complex, together with unidentified employees and security personnel. Although Plaintiff conclusorily alleges that Defendants acted under color of state law because Northgate I Apartments is federally subsidized and subject to HUD oversight, he pleads no facts plausibly demonstrating that Defendants' conduct is "fairly attributable to the State." *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The mere fact that a private entity participates in a federally subsidized housing program or is subject to government regulation does not transform its conduct into state action. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840–43 (1982); *Blum v. Yaretsky*, 457 U.S. 991, 1004–12 (1982); and

**WHEREAS,** Plaintiff's reliance on various HUD regulations and handbook provisions does not salvage his claims. The Complaint cites several HUD regulations governing federally assisted housing, including 24 C.F.R. §§ 5.2005 and 5.703, as well as HUD Handbook 4350.3, and alleges that Defendants violated those provisions. However, Plaintiff identifies no statute creating a private right of action to enforce those regulations, and the Court is aware of none. Alleged violations of HUD regulations, standing alone, do not provide an independent basis for relief in federal court; and

**WHEREAS,** because Plaintiff has failed to plausibly allege that Defendants acted under color of state law or otherwise violated a federally enforceable right, his federal claims fail as a matter of law and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

**WHEREAS,** having dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, including those asserted under the New Jersey Civil Rights Act, the New Jersey Law Against Discrimination, and New Jersey common law. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) ("Where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."); and

**WHEREAS,** having dismissed Plaintiff's Complaint, and for substantially the same reasons supporting that dismissal, Plaintiff's Motion for a TRO (Dkt. No. 2) seeking to enjoin HVPG from enforcing its ban against Plaintiff is **DENIED**; and

**WHEREAS,** this Memorandum Opinion and Order addresses all pending motions in this case, Plaintiff's Motion to Expedite (Dkt. No. 7) is **DENIED as moot**; and

**CONSEQUENTLY,** for all the foregoing reasons, and for good cause shown;

IT IS on this 3rd day of **August**, 2026 hereby

**ORDERED** that Plaintiff's Renewed IFP Application (Dkt. No. 5) is **GRANTED**; and further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and further

**ORDERED** that Plaintiff is granted leave to amend his Complaint within 30 days of issuance of this order to address the deficiencies noted herein; and further

**ORDERED** that Plaintiff's Motion for a TRO (Dkt. No. 2) is **DENIED**; and further

**ORDERED** that Plaintiff's Motion for Recusal (Dkt. No. 6) is **DENIED**; and further

**ORDERED** that Plaintiff's Motion to Expedite (Dkt. No. 7) is **DENIED as moot**; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE